REYNAND *v.* MEMPHIS INSURANCE CO. *et al.*

CHANCERY COURT. *Insurance. Married women. Separate estate.* Complainant, a married woman, being the owner in her own right of a house and lot, and certain personal property, procured from the Memphis Insurance Co. a policy of insurance thereon, in her own name, and paid the premium herself. A loss occurred by fire, and payment demanded by her of the defendant, which being refused, she filed a bill by next friend in the Chancery Court, making the insurance company and her husband defendants. In her bill she stated, in addition to the foregoing facts, that her husband had no interest in the property insured; that he was not known in the contract; that he was insolvent, and that in the event he is allowed to collect the amount due her from the company his marital rights may attach, and she therefore prays for judgment against the company for the amount due on the contract, and that the same be paid into court to the end that it may be settled on her. *Held,* that she could maintain her bill, and that a court of chancery could well grant the relief sought without

sending her to a court of law to litigate with the company; because the principal object of the bill being a settlement on her of the amount due on the contract, free from her husband's marital rights, the contest with the company as to its liability was merely an incident, and could be as well determined in a court of chancery as in a court of law.

FROM SHELBY.

Appeal from the Chancery Court. R. J. MORGAN, Chancellor.

L. W. FINLAY for complainant.

D. E. MYERS for defendants.

NICHOLSON, C. J., delivered the opinion of the court.

Julia A. Reynand, the wife of A. G. Reynand, being the owner in fee of a house and lot in Memphis, and of various articles of furniture and personal goods in said house, procured from the Memphis City Fire Insurance Company a policy of insurance, whereby that company, upon the payment by her of thirty-five dollars, agreed to insure her house and furniture and other goods for one year. The policy was made out in the name of the wife, the premium being paid by her, and the husband not being known in the contract. Before the expiration of the year the house and furniture and other goods were destroyed by fire, and upon the refusal of the company to pay the estimated value of the house and the furniture and other goods, she filed this bill, by her next friend, against the Insurance Company and her husband, A. G. Reynand.

She alleges that she was damaged $2,359 by the burning of the house and the various articles of furniture, bedding, clothing, etc., therin—the former valued at $1,350, and the latter at $1,009. She states that having heard that there was "some objection to the claim on the ground as to how the fire originated," she applied to the company, and was informed by the secretary that the matter had been referred to the attorney of said company, and upon asking the reason of the delay in paying, the attorney replied, she had not made out the proof yet. She alleges that she has and had complied with all the requirements of the contract. She states that upon the request of the company her husband attempted to compromise the claim, but it failed. She charges that said company has waived all objections of every kind to her demand against said defendant for loss and damage in the premises, by reason of the act of said company and its duly authorized agents. She alleges that said company has an itemized account of the losses sustained, and the damage done complainant, by reason of the fire, and they are required to produce the same on the hearing.

She alleges that her husband, A. G. Reynand, is a man without means, and in the event he is allowed to collect her claim, his marital rights may attach.

She prays for judgment against the Insurance Company for the amount due on the contract, and that the same be paid into court, to the end that it may be settled upon her.

To this bill the Insurance Company demurred,

stating several causes of demurrer. First, want of equity, and that the Insurance Company is not a proper party. Second, complainant has a full, adequate and complete remedy at law as against the Insurance Company. Third, it does not appear that A. G. Reynand has set up any claim by virtue of his marital rights to sue on the policy.

The Chancellor sustained the demurrer in all respects and dismissed the bill, whereupon complainant has appealed.

It appears by the terms of the policy of insurance that it is a contract between complainant, in her own name, and the company for her indemnity against damage by reason of the destruction of her property, real and personal, by fire. The contingency having occurred upon which her right to claim the indemnity contracted for, the policy of insurance held by her is a chose in action which entitles her to receive the proceeds of the policy as her own, if received by her before its reduction to his possession by her husband. Assuming the allegations of the bill to be true, the Insurance Company is indebted to complainant, in her own right, in the sum of $2,359, and holds that amount for her use, which the company refuses to pay over. It further appears, that although her husband has instituted no suit to enforce his marital right to the funds, yet that at the request of the company he has made an unsuccessful effort to secure the fund by compromise. It further appears that her husband is insolvent, and his reduction of the funds into his possession would result in a loss of the funds to her.

Reynand *v.* Memphis Ins. Co.

Upon these allegations of the bill, which are to be regarded as true on demurrer, the jurisdiction of the Chancery Court to grant the relief prayed for is clear and palpable. 2 Story Eq. sec. 1414.

If she sued at law she would be compelled to join her husband with her as a plaintiff, and upon a recovery a court of law would have no jurisdiction to make such settlement of the proceeds upon her as in equity she is entitled to. It is not clear but that upon a recovery at law the marital rights of her husband would at once attach and defeat her right to an equitable settlement.

As the case is presented by the bill, the Insurance Company is indebted to complainant in the sum of $2,359, but it is insisted that the company refuses to pay, and intend to resist a recovery. The allegations of the bill do not disclose any other ground of objection to the claim except "as to how the fire originated," and that afterwards she was informed by the attorney of the company that "the proof had not been made out yet," and this was given as the reason for the delay in the payment. She then alleges that "she had complied with all the requirements of the contract."

We cannot look outside of the allegations to find out whether the claim is to be resisted or not. The company has elected to demur, and thereby admit the allegations to be true for the purposes of the demurrer. Upon this assumption the company is indebted to complainant, and she comes into a court of chancery to set up her right to an equitable settlement of the fund when collected.

To grant this relief it is clear that the ` court has jurisdiction. Nor would the jurisdiction be defeated by the fact that the company contested their indebtedness to complainant. This would only be incidental to the main ground on which the jurisdiction rests, and this question, whether as to the amount of the indebtedness, or whether there was any indebtedness at all, can be as well ascertained in the Chancery Court as in a court of law.

We are therefore of opinion that the Chancellor erred in sustaining the demurrer and dismissing the bill.

The decree is reversed, and the cause remanded for further proceedings.